861 F.2d 729
 10 ITRD 1688
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ROSES INCORPORATED, Plaintiff-Appellant,
v.
The UNITED STATES, and the Asociacion Nacional de
Productores Y Exportadores de Ornamentales de
Mexico A.C. (Anapromex), Defendants-Appellees.
ROSES INCORPORATED, Plaintiff-Appellant,
v.
The UNITED STATES, Defendants-Appellees,
The Asociacion Colombiana de Exportadores de Flores
(Asocolflores), the Association of Floral Importers of
Florida (A.F.I.F.) Las Flores, LTDA., Floramerica, S.A.,
Roselandia, Ltda., Rosas Colombianas, Agricola Benilda,
Ltda., Ciba Geigy, Flores de los Andes, Flores Monte Verde,
Inversions Penas Blancas and Rosas de Colombia, Defendants.
ROSES INCORPORATED, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee,
The Asociacion Colombiana de Exportadores de Flores
(ASOCOLFLORES), the Association of Floral Importers of
Florida (A.F.I.F.) Las Flores, Ltda., Floramerica, S.A.,
Roselandia, Ltda., Rosas Colombianas, Agricola Benilda,
Ltda., Ciba Geigy, Flores de los Andes, Flores Monte Verde,
Inversions Penas Blancas and Rosas de Colombia, Defendants.
ROSES INCORPORATED, Plaintiff-Appellant,
v.
The UNITED STATES, Defendants-Appellees,
The Asociacion Colombiana de Exportadores de Flores
(ASOCOLFLORES), the Association of Floral Importers of
Florida (A.F.I.F.) Las Flores, Ltda., Floramerica, S.A.,
Roselandia, Ltda., Rosas Colombianas, Agricola Benilda,
Ltda., Ciba Geigy, Flores de los Andes, Flores Monte Verde,
Inversions Penas Blancas and Rosas de Colombia, Defendants.
 Nos. 88-1301 to 88-1303 and 88-1314.
 United States Court of Appeals, Federal Circuit.
 Sept. 27, 1988.
 
 Before FRIEDMAN, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The orders of the Court of International Trade dismissing each of these four cases for nonprosecution are reversed.
 
 OPINION
 
 2
 Each of these four cases involves a challenge in the Court of International Trade to decisions of the International Trade Administration of the Department of Commerce and of the International Trade Commission. The four cases all were filed in 1984.
 
 
 3
 In the first case, No. 88-1301, briefing was completed in June 1985. The appellant filed a motion for oral argument at the end of that month, and in October 1985 the appellant filed a motion to remand to the agency in light of a decision of the Court of International Trade. In the second case, No. 88-1302, briefing was completed in 1987 and the court heard oral argument in August of that year. In the third case, No. 88-1303, the appellant states that after various motions had been filed, it "understood that commencement of briefing in this action ... was contingent upon reversal of the ITC determination at issue" in No. 88-1302. Briefing in the fourth case, No. 88-1314, did not begin because, according to the appellant, there was a contested motion for discovery under a protective order, which the court had not decided, and the appellant "could not effectively brief the case on the merits before it received access to confidential data in the administrative record, whether by stipulation or protective order."
 
 
 4
 On January 11, 1988, the court entered the following order in each of these cases:
 
 
 5
 Pursuant to Rule 41(b)(2) of the Rules of this Court, the Court, sua sponte,
 
 
 6
 ORDERS that the above captioned case be and the same hereby is dismissed for lack of prosecution.
 
 
 7
 Rule 41(b)(2) of the Court of International Trade provides:
 
 
 8
 (b) Involuntary Dismissal--Effect Thereof
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 (2) Whenever it appears that an action is not being prosecuted with due diligence, the court may upon its own initiative after notice, or upon motion of a defendant, order the action dismissed for lack of prosecution.
 
 
 12
 Although a trial court has broad discretion to dismiss a case for nonprosecution, Link v. Wabash R.R. Co., 370 U.S. 626 (1962), we cannot discern any justification for the dismissal of these cases. The appellant was not in default of any court rule or order in any of the cases. Two of the cases were fully briefed and one of them had been argued; both of them therefore were ready for decision. The two other cases apparently were being held in abeyance, one pending decision of one of the former two cases, and the other pending decision of a contested discovery motion. There is no basis upon which the appellant fairly could be charged with nonprosecution of any of these cases.